Jeffrey F. Gersh, Esq., SBN 87124
Jgersh@gershlegal.com
James A. Sedivy, Esq., SBN 102870
Jsedivy@gershlegal.com
THE GERSH LAW FIRM, INC.
15821 Ventura Blvd., Suite 515
Encino, California 91436
Telephone: (818) 536-5700
Facsimile: (818) 981-4618
Attorneys for Defendants
UNGER FABRIK, LLC., a California Limited Liability Company, erroneously sued as Rad Clothing, Inc.,
FOREVER 21, INC., a Delaware Corporation,
MACY'S INC., a Delaware Corporation,
ROSS STORES, INC., a California Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LA PRINTEX INDUSTRIES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>RAD CLOTHING, INC., a California Corporation; ROSS STORES, INC., a California Corporation; TIFFANY COLLECTION 2000, INC., a California Corporation; FACTOR 2-U STORES, INC.; a Delaware Corporation; STREET LEGAL CLOTHING, a Business Entity Form Unknown, MACY'S INC., an Ohio Corporation; FOREVER 21, INC., a California Corporation; and DOES 1 through 10<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO.: CV08-07638 SJO (PJWx)<br><br>(Honorable S. James Otero)<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Filed: November 19, 2009<br><br>Discovery Cut-Off Date: September 1, 2009<br><br>Motion Filing Cut-off Date: October 19, 2009<br><br>Trial Date: December 1, 2009 |

GOOD CAUSE STATEMENT

A. The Parties to the above-entitled matter have created and maintained various documents and information in the course of their business that constitute proprietary, trade secret, and other protected confidential information subject to protection under the Uniform Trade Secrets Act ("UTSA"), which (1) derives



THE GERSH LAW FIRM, INC.

THE GERSH LAW FIRM, INC.

independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." [*California Civ.Code*, § 3426.1, subd. (d); *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1155 (2004)];

B. Defendants Unger Fabrik, LLC , a California limited liability company erroneously sued as Rad Clothing, Inc. ("Unger"), Forever 21, Inc. ("Forever 21") , and Ross Stores, Inc. ("Ross"), have requested from Plaintiff, and Plaintiff has requested from said Defendants, (and the other parties may hereafter make similar requests among each other) the discovery of information and documents that do or may contain and embody trade secrets or other confidential and proprietary information, which contain financial information, projected sales forecasts, sales records, item profitability reports, and pricing methods (collectively referred to as "Confidential Material"), with such Confidential Material being trade secrets within the meaning of *California Civ.Code*, § 3426.1, subd. (d) and *Whyte v Schlage Lock Company* (2002) 101 Cal. App. 4th 1443, 1455-1456;

C. Plaintiff and Defendants have objected, and may in the future object to producing or disclosing Confidential Material in discovery absent execution by the parties and approval and entry by the Court of an appropriate protective order to protect and to prevent the unauthorized use or disclosure of Confidential Material, and the other parties may hereafter make similar objections;

D. In order to facilitate the fair and efficient completion of pre-trial discovery while at the same time protecting the respective parties' rights in their Confidential Material and minimizing the need for judicial intervention in the discovery process, Plaintiff, on the one hand, and Defendants Unger, Ross, Forever 21 and FP Stores, Inc., ("Defendants"), on the other hand, by and through their respective counsel of record, hereby stipulate and agree as follows:

STIPULATION

1. Any party who is requested by an adverse party to produce or disclose Confidential Material may designate such materials as subject to this stipulation and order (the "Protective Order") by stamping on or otherwise permanently affixing to such material (without obscuring or defacing the material) prior to its production the designation "CONFIDENTIAL" ("Confidential Material Designation"). Either party may designate as Confidential Material documents produced by the opposing party or any non-party to this litigation. Such designation shall be made within 30 days from the date the designating party receives the documents it desires to designate as Confidential Material.

(a) Should any party, counsel for any party, or any person or entity not a party to this action who obtains access to Confidential Material pursuant to the terms hereof make copies or duplicates of such Confidential Material, or any portion thereof, and if the Confidential Material Designation is not clearly reproduced on the copies or duplicates as a result of the copying process, then the designation "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO COURT ORDER" shall be stamped on or affixed to such copies or duplicates, and the references of this Protective Order to Confidential Material shall be deemed to include and to apply to such copies or duplicates.

(b) Should any party, counsel for any party, or any person or entity not a party to this action who obtains access to Confidential Material pursuant to the terms hereof make extracts or summaries of any Confidential Material, such extracts or summaries shall also be stamped with the designation "CONFIDENTIAL -SUBJECT TO COURT ORDER." Such extracts or summaries shall also constitute Confidential Material even if the extracts or summaries are not marked with a Confidential Material Designation, and this Protective Order shall apply to such extracts and/or summaries.

(c) This Protective Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests, subpoenas or at depositions.

(d) This Protective Order shall not apply to or limit a party's use of documents or information that were obtained by the party independently of this action.

(e) By designating the documents as “CONFIDENTIAL” "CONFIDENTIAL-SUBJECT TO COURT ORDER", the designating party is certifying that there is a good faith basis both in law and fact for the designation within the meaning of FRCP 26(g).

2. As several of the Defendants are direct retail competitors or direct wholesale competitors, the Defendants may further designate certain Confidential Material on an extraordinarily high confidential and/or proprietary nature as "CONFIDENTIAL – PLAINTIFF’S-EYES ONLY" or similar designation, in the manner described in Paragraph 1. This Confidential Material so designated, and the information contained therein, shall be disclosed only to the Court, to counsel (including the paralegal, clerical and secretarial staff employed by such counsel), to the President of Plaintiff, and to experts who execute Exhibit A and whose names are furnished to the other parties. If disclosure of this Confidential Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply, except where inconsistent with this paragraph. By designating the documents as "CONFIDENTIAL – PLAINTIFF’S-EYES ONLY", the designating party is certifying that there is a good faith basis both in law and fact for the designation within the meaning of FRCP 26(g).

3. Confidential Material shall not be used or disclosed, in whole or in part, directly or indirectly, by any person granted access thereto under or as a result of this Protective Order, for any purpose or to any person or entity whatsoever, except in connection with the preparation for and/or trial of this action. Confidential Material may be disclosed to the Court for prosecution, defense or settlement of this action.

4. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party nevertheless shall treat and protect such material as Confidential Material in accordance with this Protective Order unless and until all parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order. In the event of such a disagreement, the party challenging the designation shall have the burden of pursuing any relief desired, but the party asserting confidentiality shall have the burden of justifying the appropriateness of and/or need for the designation as Confidential Material. In the event of a dispute regarding the designation of confidential information, the parties shall follow the procedures set forth in Local Rule 37 to obtain a decision from the Court. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. Should any motion be brought under this Paragraph the prevailing party may be entitled to recover reasonable attorneys fees pursuant to Federal Rules of Civil Procedure Rules 26(g)(3) and 37(a)(5).

5. Nothing contained in this Protective Order shall preclude any party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information including, but not limited to, additional restrictions on disclosure to the parties herein. Nothing in this Protective Order is intended to or has the effect of diminishing any obligations of confidentiality that a Party otherwise may have.

6. Any party to this action may, at any time, request the modification of this

THE GERSH LAW FIRM, INC.

Protective Order. Such a request may be granted by the Court only after due notice and hearing, and upon a showing of good cause. In the event any party seeks a modification of this Protective Order, the parties shall follow the procedures set forth in Local Rule 37 to obtain a decision from the Court. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

7. Subject to the provisions of Paragraph 2 above, Confidential Materials produced by the parties may only be disclosed to the following persons; provided, however, that they review the provisions of this Protective Order and agree to be bound by its terms:

(a) To the parties and their attorneys of record (including the parties' in-house attorneys) in this action and their respective partners, associates, of counsel, law clerks, legal assistants and secretaries who are directly participating in the prosecution or defense of this matter;

(b) To the management and employees of the parties and their representatives and consultants;

(c) To deponents during the course of their depositions and deposition reporters, notaries and staff. Any person taking part in a deposition in which Confidential Material is disclosed who is not an agent or employee of the parties may be given access to Confidential Material only if such person has read this Protective Order, and has agreed in writing to be bound thereby by executing a declaration in the form attached hereto as Exhibit A. The original of the executed declaration shall be attached to the original transcript;

(d) To independent experts and consultants employed or retained by counsel of record to perform investigative work, research, analysis, expert testimony

and other services specifically related to the prosecution, defense or settlement of this action; and to such other persons as hereafter may be designated by written stipulation of the parties or by further order of the Court; and

(e) Confidential Material may be disclosed to the Court for prosecution, defense or settlement of this action.

8. All Confidential Material filed or lodged with the Court for any purpose shall be filed under seal pursuant to the provisions of Local Rule 79-5 which provides:

> Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing.

9. If, in connection with any motion or other proceeding before the Court, a party intends to offer into evidence or otherwise disclose any Confidential Material without using the procedures identified in Paragraph 8, because such procedures are impractical, counsel for that party shall inform counsel for the party who produced the Confidential Material of the intended use or disclosure. The notice shall be given as soon as practical under the circumstances in advance of such proposed action in order to permit counsel for the producing party to take such action as may be necessary or appropriate to protect such Confidential Material from improper or unfair disclosure. "Practical" as used herein shall mean no less than three court days unless the party providing notice makes a showing of good cause as to why a shorter time period was

necessary and practical under the circumstances and demonstrates that the failure to give the required three day notice will not result in a failure to protect the Confidential Material. For purposes of trial, notice shall be deemed given with the exchange of trial exhibits.

10. If any Confidential Material or its contents is presented at, or is the subject of inquiry during, a deposition, counsel for the party whose Confidential Material is to be disclosed or inquired into shall notify the deposition reporter to stamp on or otherwise permanently affix "CONFIDENTIAL - SUBJECT TO COURT ORDER" to the pages of deposition testimony during which Confidential Material is discussed. In addition, counsel for the party whose Confidential Material is to be disclosed or inquired into shall notify the deposition reporter to stamp on or otherwise permanently affix "CONFIDENTIAL - SUBJECT TO COURT ORDER" onto the title page of that deposition transcript. That portion of the deposition which may reveal Confidential Material or its contents shall be conducted (unless otherwise agreed to by counsel for all parties in writing or upon the record of the deposition) under circumstances such that only the deposition reporter and persons duly authorized hereunder to have access to such Confidential Material, as the case may be, shall be present. Such portions of the deposition transcript shall be deemed, as appropriate, Confidential Material for the purpose of this Protective Order.

11. This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing and/or annexing Confidential Material, in their entirety and marked with the Confidential Material Designation provided above, to litigation counsel for parties to this Protective Order, which transcripts shall then be maintained by such litigation counsel in accordance with the provisions of this Protective Order.

12. This Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information

THE GERSH LAW FIRM, INC.

is or is not relevant to any issue in, or to the subject matter of, this action, and such right is hereby expressly reserved. Previous designation of such information as confidential pursuant to this Protective Order shall not be construed as an admission of relevance or discoverability.

13. Inadvertent production of a document which is later claimed to contain confidential or proprietary information or is otherwise subject to the attorney-client, attorney work product, or other applicable privilege shall not be deemed a waiver of the right to designate the document as Confidential Material or a waiver of any privilege provided that the producing party asserts such designation or privilege or protection within 30 days of the discovery of such inadvertent production. This provision shall not prevent the parties from asserting that any claimed designation or privilege does not exist or is inapplicable with respect to such document.

14. Upon the final conclusion of this litigation, all Confidential Material produced in this litigation, including all copies made of such material shall, upon demand by the party that produced it, be returned to counsel for that party that produced it. If no request for return is received within one year of final disposition, the party in possession may destroy such Confidential Material with written confirmation of such destruction. The Court and Court personnel are exempt from the provisions of this Paragraph 14.

15. The terms of this Stipulation and Order For Protection of Confidential Material shall survive and remain in full force and effect until the commencement of trial of this action, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

[SIGNATURES ON NEXT PAGE]

DATED: May , 2009

THE GERSH LAW FIRM, INC.

By: ____/S/________________________

JEFFREY F. GERSH
JAMES A. SEDIVY

Attorneys for Defendants UNGER FABRIK, LLC.,a California Limited Liability Company, erroneously sued as Rad Clothing, Inc, FOREVER 21, INC., a Delaware Corporation, MACY'S, INC., a Delaware Corporation and ROSS STORES, INC., a California Corporation

DATED: May , 2009

HANSON BRIDGETT, LLP

By: ______/S/______________________

GARNER WENG
JOHN T.CU
PAUL B. GRUWELL

Attorneys for Defendant and Counterclaimant ROSS STORES, INC., a California Corporation

DATED: May , 2009

EZRA, BRUTZKUS AND GUBNER

By: ______/S/______

MARK BRUTZKUS
TODD LANDER

Attorneys for Defendant FP Stores, Inc. dba FACTORY 2-U, erroneously named as Factory 2-U Stores, Inc.

DATED: May , 2009

DONIGER LAW FIRM, APC

By: _____/S/________________________

STEPHEN M. DONIGER

Attorneys for Plaintiff LA Printex Industries, Inc.

THE GERSH LAW FIRM, INC.

**EXHIBIT "A"**

**Certificate of Non-Disclosure**

I understand that access to information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL – PLAINTIFF'S EYES ONLY is provided to me under the terms and restrictions of a Stipulation and Protective Order. I have received a copy of the Stipulation and Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL – PLAINTIFF'S EYES ONLY that is provided to me in connection with this action except as permitted by the Stipulation and Protective Order.

Dated: ____________________

Signature: ______________________________

**PROPOSED ORDER**

Pursuant to the terms of the Stipulation For Protective Order (filed concurrently herewith), this Protective Order shall survive and remain in full force and effect until the commencement of trial of this action.

**IS SO ORDERED.**

UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

Patrick J. Walsh

DATED: 6/18/09

HON. PATRICK J. WALSH

THE GERSH LAW FIRM, INC.